**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000453
30-JUN-2023
07:57 AM
Dkt. 48 SO**

NO. CAAP-22-0000453

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JOSHUA S. PERRY, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-21-00907)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant Joshua S. Perry (**Perry**) appeals from the July 8, 2022 Judgment and Notice of Entry of Judgment (**Judgment**) entered by the District Court of the Second Circuit (**District Court**),[1] convicting Perry of operating a vehicle under the influence of an intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(2) (2020).[2]

---

[1] The Honorable Christopher M. Dunn presided.

[2] HRS § 291E-61(a)(2) provides, in relevant part:

**§ 291E-61 Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of

On appeal, Perry raises two points of error: (1) insufficient evidence supported the District Court's conclusions that Alprazolam, rather than head trauma or Haldol, caused Perry's impairment; and (2) erroneous admission of the citing officer's and a back-up officer's (collectively, **Officers**) testimony that:  "(1) Alprazolam is the generic name for Xanax; (2) Xanax is a CNS depressant; (3) Alprazolam is a Schedule IV controlled substance; (4) people under the effect of CNS depressants exhibit 'slowed-down' behaviors; (5) drugs are divided into seven categories; and (6) Alprazolam is in the Benzodiazepine category" (**Drug-Related Testimony**) because they were not qualified as experts regarding drugs.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Perry's points of error as follows, and affirm.

On July 8, 2022, the District Court held a bench trial on the OVUII charge against Perry, wherein it heard testimony from the Officers and accepted their body camera footage into evidence.

In reaching its guilty verdict, the District Court referred to Perry's "appearance, demeanor, speech, lack of balance, . . . occasional incoherence" and relied heavily on the Officers' body camera footage, describing Perry's attempts to do

---

operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

. . . .

(2) While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner . . . .

the one-leg stand and walk and turn tests[3] as coming across "stereo typically [sic], if not, almost cartoonish, impaired." The District Court took judicial notice that Alprazolam is a Schedule IV controlled substance under HRS § 329-20(b)(1). With respect to whether Perry was under the influence of Alprazolam, the District Court considered the citing officer's testimony that Perry admitted "taking Alprazolam";[4] the accident itself, which, based on the body camera footage, showed that Perry's vehicle had gone off of the road, hit the back of a parked unattended car, causing heavy front end damage to his car and rear end damage to the parked car; the Officers' testimony regarding their training to detect drivers under the influence of drugs, as well as their additional Advanced Roadside Impairment Driving Enforcement (**ARIDE**) certification and training; the Officers' testimony as to the indicators of Alprazolam impairment, such as slurred speech, slow and deliberate movements, diminished coordination, lack of balance; and Perry's exhibition of those indicators.

**(1)** Perry argues that the District Court erred in convicting him of operating a vehicle under the influence of Alprazolam because there were two other possible causes of his conduct: "Haldol and accident trauma." Perry asserts that absent ruling out Haldol or accident trauma as the cause of his impairment, there was insufficient evidence to prove he was under the influence of Alprazolam.

---

[3] When the citing officer asked Perry if he wanted to participate in a standard field sobriety test (**SFST**), Perry said he had just left the hospital and "made like he was doing" the SFST, which he ultimately declined to do.

[4] The citing officer testified that Perry uttered that he had taken Xanax, not Alprazolam. The citing officer also testified that Alprazolam is the generic term for Xanax.

When reviewing the sufficiency of evidence on appeal, the following standard of review applies:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (citation and emphasis omitted).  "Substantial evidence" is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (citation and internal quotation marks omitted).  In a bench trial, the trial judge, as the trier of fact, "is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." State v. Batson, 73 Haw. 236, 249, 831 P.2d 924, 931 (1992) (citation omitted).

Perry's argument is without merit.  The evidence included, among other things, the Officers' body camera footage, their testimony regarding Perry's mental and physical coordination, their Drug-Related Testimony, and the citing officer's testimony regarding Perry's admission to taking Xanax.  Considering the evidence in the strongest light for the prosecution, there was sufficient evidence to support the District Court's conclusion that Alprazolam caused Perry's impairment.  See Kalaola, 124 Hawaiʻi at 49, 237 P.3d at 1115.

**(2)**  Perry argues that the District Court erred by admitting the Officers' Drug-Related Testimony because they were not qualified as expert witnesses.

Perry's contention of error is waived.  With the exception of Perry's single objection to the citing officer's

testimony that "Alprazolam is a Schedule IV controlled substance," Perry failed to object to the Drug-Related Testimony. Evidence to which there was no objection may be properly considered by the trier of fact and its admission will not constitute grounds for reversal. Hawai'i Rules of Evidence (**HRE**) Rule 103 (a)(1); State v. Naeole, 62 Haw. 563, 570, 617 P.2d 820, 826 (1980). Perry failed to raise these arguments before the District Court; as such, they are waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(4)(iii) (each point of error shall state "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court"); State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases.") (citations omitted).

Perry's argument against the District Court's admission of the citing officer's testimony that "Alprazolam is a Schedule IV controlled substance" is unavailing where the District Court explicitly declined to rely on this testimony in reaching its verdict,[5] see State v. Nishi, 9 Haw. App. 516, 524, 852 P.2d 476, 480 (1993) (determining an error in the admission of police officer testimony was harmless where the district court disclosed that it did not consider or rely upon it); and

_____

[5] The District Court stated:

> As to whether he was under the influence of Alprazolam, ah, a controlled substance as defined under -- in Schedule I through IV of HRS 329, the Court for that, ah, in terms of Alprazolam being Schedule I through IV, is not relying on the officer's testimony that he believes Alprazolam is a Schedule IV controlled substance.
>
> I went to the statute myself and looked that up. And pursuant to HRS 329-20(b)(1) Alprazolam is a Schedule IV controlled substance.

the District Court took judicial notice of the pertinent law on its own.  See HRE Rule 202(b) (requiring the court to take judicial notice of applicable statutes).

For the foregoing reasons, we affirm the July 8, 2022 Judgment and Notice of Entry of Judgment, entered by the District Court of the Second Circuit.

DATED:  Honolulu, Hawaiʻi, June 30, 2023.

On the briefs:

Phyllis J. Hironaka,
Office of the Public Defender
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge